UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ROCHELLE GLAUS and ROBERT GLAUS,

    Plaintiffs,

v.

FLEMING CONSTRUCTION, INC. and
MATTHEW FLEMING,

    Defendants.

Case No.

JURY TRIAL DEMANDED

---

## COMPLAINT

NOW COME THE PLAINTIFFS, Rochelle Glaus and Robert Glaus (collectively, "the Glauses"), by their attorneys, Murdock Law, S.C., to complain as to the Defendants, Fleming Construction, Inc. and Matthew Fleming, and, as for their claims for relief, to allege and show to the Court the following:

### OVERVIEW

1. This action arises from the Defendants' defective, deficient, and otherwise substandard work on the Glauses' home located at 5112 Balsam Drive, Florence, Wisconsin 54121 ("the Home"), and ensuing walk-off and theft of trust funds from that project.

### PARTIES

2. Plaintiffs, the Glauses, are natural persons, adult citizens and residents of the State of Wisconsin, domiciled at 4657 68th Street, Franksville, Wisconsin 53126. They are, and at all times material to this action were, a married couple.

3. Defendant, Fleming Construction, Inc., is a for-profit business corporation, incorporated in the State of Michigan, with its principal office and place of business located at 100 East Brown Street, Iron Mountain, Michigan 49801. It is, and at all times material to this action was, a construction contractor.

4. Defendant, Matthew Fleming, is a natural person, an adult citizen and resident of the State of Michigan, upon information and belief, domiciled at 610 East E Street, Iron Mountain, Michigan 49801. He is, and at all times material to this action was, owner, president, and general manager of Fleming Construction, Inc.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. § 1332(a)(1). The parties are citizens of different States, with complete diversity of citizenship. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. (*See* Exhibit 2, Attached.)

6. This Court has personal jurisdiction over the Defendants by virtue of Wis. Stat. § 801.05(1)(d), (5)(a) and (b), and (6)(c). The Defendants regularly promise and provide construction-related labor, materials, equipment, and services, and otherwise conduct substantial and not isolated business activities, in this District. The real property to which this action relates is situated in this District. The events out of which this action arises occurred in this District.

## VENUE

7. Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b)(2). As indicated, the real property to which this action relates is situated in this District and the events out of which this action arises occurred in this District.

## FACTS COMMON TO
## ALL CLAIMS FOR RELIEF

8. On May 1, 2023, the Glauses hired Fleming Construction, Inc. to build the Home pursuant to a written Construction Contract ("the Contract"), a copy of which is attached to and incorporated in this complaint as Exhibit 1.

9. Pursuant to the Contract, Matthew Fleming was to, among other things, "oversee the overall project."

10. The Glauses timely, properly, and fully paid Fleming Construction, Inc. all amounts due under the Contract, and otherwise complied with all terms and conditions of the Contract.

11. But on September 25, 2023, following a tantrum by Matthew Fleming, Fleming Construction, Inc. walked off the project.

12. And on September 28, 2023, the Defendants wrote to the Glauses via text, "This project is closed!"; and via email (in a document entitled "Closing of Construction Contract and Project Termination"), "We fully decline completion of this project."

13. Since that time, Fleming Construction, Inc. has provided no further work on the Home.

3

# FIRST CLAIM FOR RELIEF:
# BREACH OF CONTRACT
# (Against Fleming Construction, Inc.)

14. The Glauses reallege and incorporate by reference all allegations set forth above.

15. Fleming Construction, Inc. materially breached the Contract by, among other things:

   a. Providing defective, deficient, and otherwise substandard work on the Home;

   b. Failing, despite demand, to backfill the foundation of the Home;

   c. Failing, despite demand, to return the unearned balance of deposits for labor for the construction of the Home;

   d. Failing, despite demand, to return the unearned balance of credit for materials for the construction of the Home; and

   e. Walking off the project without cause or reason, leaving the Home unfinished, unprotected, and in need of repair,

as further detailed in the October 13, 2023 letter by the Glauses' counsel to the Defendants, a copy of which is attached to and incorporated in this complaint as Exhibit 2.

16. As a result of Fleming Construction, Inc.'s breaches of contract, the Glauses have suffered, and continue to suffer, significant losses, including defects and deficiencies in construction of the Home; investigation, mitigation, and construction expenses; delays in completion of the Home; loss of use and enjoyment of the Home; attorney fees, costs, and disbursements; and other compensable injuries, all to their damage in an amount to be determined in the trial of this matter.

## SECOND CLAIM FOR RELIEF:
## THEFT BY CONTRACTOR
## (Wis. Stat. §§ 779.02(5), 943.20, 895.446)
## (Against Fleming Construction, Inc. and Matthew Fleming)

17. The Glauses reallege and incorporate by reference all allegations set forth above.

18. The Glauses and Fleming Construction, Inc. entered a written agreement (the Contract) for the improvement of real property (the Home).

19. The Glauses paid Fleming Construction, Inc. money under that agreement (the Contract) for the improvement of real property (the Home).

20. Despite demand, Fleming Construction, Inc. refuses to return the unearned portions of that money and, upon information and belief, has used the money for purposes other than the payment of claims due or to become due from it for labor, materials, equipment, and services used for the improvements before all claims were paid in full.

21. Fleming Construction, Inc.'s misappropriation and misuse of the money was contrary to its authority and without the Glauses' consent.

22. Fleming Construction, Inc.'s misappropriation and misuse of the money was conducted and controlled by, and the responsibility of, Matthew Fleming.

23. The Defendants have acted maliciously toward the Glauses and in an intentional disregard of the rights of the Glauses.

24. As a result of the Defendants' theft, the Glauses have suffered, and continue to suffer, significant losses, including the loss of the unearned balance of their deposits

for labor for the construction of the Home; the loss of the unearned balance of their credit for materials for the construction of the Home; lost time-value of those amounts; investigation and litigation expenses, including attorney fees, costs, and disbursements; and other compensable injuries, all to their damage in an amount to be determined in the trial of this matter.

### THIRD CLAIM FOR RELIEF:
### CIVIL THEFT
### (Wis. Stat. §§ 943.20, 895.446)
### (Against Fleming Construction, Inc. and Matthew Fleming)

25. The Glauses reallege and incorporate by reference all allegations set forth above.

26. The Defendants intentionally took, used, and retained possession of the unearned balance of the Glauses' deposits for labor for the construction of the Home.

27. The Defendants intentionally took, used, and retained possession of the unearned balance of the Glauses' credit for materials for the construction of the Home.

28. The Defendants' misappropriation and misuse of the money was contrary to their authority and without the Glauses' consent, and the Defendants know as much.

29. The Defendants' misappropriation and misuse of the money was intended to permanently deprive the Glauses of their rightful possession of the money.

30. The Defendants have acted maliciously toward the Glauses and in an intentional disregard of the rights of the Glauses.

31. As a result of the Defendants' theft, the Glauses have suffered, and continue to suffer, significant losses, including the loss of the unearned balance of their deposits

for labor for the construction of the Home; the loss of the unearned balance of their credit for materials for the construction of the Home; lost time-value of those amounts; investigation and litigation expenses, including attorney fees, costs, and disbursements; and other compensable injuries, all to their damage in an amount to be determined in the trial of this matter.

## FOURTH CLAIM FOR RELIEF:
## CONVERSION
### (Against Fleming Construction, Inc. and Matthew Fleming)

32. The Glauses reallege and incorporate by reference all allegations set forth above.

33. The Glauses have demanded that the money paid to, but not earned by, the Defendants be returned.

34. The Glauses are entitled to the return of the money.

35. The Defendants' withholding of the money is wholly unjustified.

36. The Defendants' withholding of the money seriously and illegally interferes with the Glauses' right to control and use the money.

37. The Defendants have acted maliciously toward the Glauses and in an intentional disregard of the rights of the Glauses.

38. As a result of the Defendants' conversion, the Glauses have suffered, and continue to suffer, significant losses, including the loss of the unearned balance of their deposits for labor for the construction of the Home; the loss of the unearned balance of their credit for materials for the construction of the Home; lost time-value of those amounts; investigation and litigation expenses, including attorney fees, costs, and

7

Case 1:23-cv-01505-WCG    Filed 11/09/23    Page 7 of 9    Document 1

disbursements; and other compensable injuries, all to their damage in an amount to be determined in the trial of this matter.

WHEREFORE, the Glauses respectfully requests that the Court enter judgment in favor of the Glauses and against the Defendants as follows:

    a.    Awarding compensatory damages in an amount to be determined in a trial of this matter;

    b.    Awarding exemplary damages under Wis. Stat. § 895.446, and as otherwise provided and permitted by law, in an amount to be determined in a trial of this matter;

    c.    Awarding punitive damages under Wis. Stat. § 895.043, and as otherwise provided and permitted by law, in an amount to be determined in a trial of this matter;

    d.    Awarding prejudgment interest at the rate of 5.0% per year under Wis. Stat. § 138.04, and as otherwise provided and permitted by law;

    e.    Awarding all investigation and litigation expenses, including attorney fees, costs, and disbursements, incurred in pursuing the foregoing remedies; and

    f.    Awarding all other relief the Court deems equitable or otherwise just and proper.

**PLEASE TAKE NOTICE THAT, PURSUANT TO FED. R. CIV. P 38, THE PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Dated November 9, 2023.

        **MURDOCK LAW, S.C.**
        Attorneys for the Plaintiffs

        */s/ Charles D. Schmidt*
        Anthony K. Murdock
        WIED Bar Number 1054531
        Charles D. Schmidt
        WIED Bar Number 1030914

**MURDOCK LAW, S.C.**
4425 North Port Washington Road
Suite 107
Milwaukee, WI 53212
p  844-744-7529
f  414-930-4468
anthony@murdock-law.com
charles@murdock-law.com